**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Deposit Insurance Corporation, as Receiver for First National Bank of Nevada,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Artesa Holdings, LLC, et. al.,<br><br>　　　　Defendants. | No. CV 11-00499-PHX-FJM<br><br>**ORDER** |

　　　The court has before it defendants Sanaihas' motion to dismiss (doc. 14), plaintiff's response (doc. 16), and defendants Sanaihas' reply (doc. 18). We also have before us defendants Zomorrodi and Khorshipian's motion to dismiss (doc. 15), plaintiff's response (doc. 19), and defendants' reply (doc. 21).

　　　This action concerns a Loan Agreement defendant Artesa Holdings, L.L.C. ("Artesa") entered into with First National Bank ("FNB"). Pursuant to the agreement, FNB loaned Artesa $12,000,000 for the development of 177 lots on a tract of real property in Maricopa County. The Loan was secured by a Construction Deed of Trust, Assignment of Rents, Security Agreement, Financing Statement, and a Guaranty executed by defendants Kayvan Sanaiha, Judy Sanaiha, Jim Zomorrodi, and Sima Khorshipian. On or around July 25, 2008, plaintiff Federal Deposit Insurance Company ("FDIC") was named Receiver for FNB and "succeeded FNB as the party-in-interest." Complaint ¶ 18. Plaintiff alleges that Artesa defaulted on its loan beginning in August 2008. Plaintiff asserts a contract deficiency action

against Artesa and the individual defendants who signed the Guaranty.

The individual defendants[1] move to dismiss plaintiff's complaint for lack jurisdiction. The individual defendants contend that the Guaranty, which establishes their purported liability, contains a binding arbitration clause precluding judicial action. Plaintiff argues that the arbitration clause is inapplicable because plaintiff is not a party to the Guaranty. Even if the arbitration clause applied, plaintiff asserts that the individual defendants have not demanded arbitration and should have filed a motion to compel arbitration and stay the action, not a motion to dismiss.

Although not filed as a motion to compel arbitration, that is what is before the court. We must decide whether the arbitration clause applies to plaintiff and if so whether it mandates dismissal of the complaint against the individual defendants. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353 (1960). In determining whether arbitration is required, we apply "general state-law principles of contract interpretation, while giving due regard to federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1044 (9th Cir. 2009).

The individual defendants seek dismissal on the ground that plaintiff failed to arbitrate pursuant to the arbitration clause in the Guaranty. That clause states, in relevant part, that "[t]he parties hereto agree, upon demand by any party, to submit to binding arbitration." Complaint, ex. E at ¶ 6.2. Plaintiff argues that it is not a party to the Guaranty because neither it, not its predecessor in interest, FNB, signed the Guaranty. The individual

---

[1]The individual defendants are: Kayvan and Judy Sanaiha, Kambiz Zomorrodi, and Sima Khorshipian. Defendants Zomorrodi and Khorshipian joined in defendants Sanaihas' motion to dismiss and incorporated it by reference (doc. 15). Plaintiff's response to defendants Zomorrodi and Khorshipian also incorporated by reference its response to defendants Sanaihas' motion to dismiss (doc. 19).

1  defendants respond that plaintiff is a party to the Guaranty since it acquired FNB's interest
2  as lender. Alternatively, if plaintiff is not a party to the Guaranty, then it lacks standing to
3  recover against the individual defendants.

4  The Guaranty only bears signatures of the individual defendants, not FNB.
5  Complaint, ex. E. However, it is addressed to FNB, was executed simultaneously and as
6  condition precedent to the Loan documents, and refers to "Lender" throughout the document.
7  Although "party" is not defined in any of the documents, the very nature of a Guaranty
8  contemplates a creditor, debtor, and secondary debtor. See Howard v. Assoc. Grocers, 123
9  Ariz. 593, 595, 601 P.2d 593, 595 (1979). Moreover, Section 5.2 of the Guaranty states that
10 it "shall inure to the benefit of Lender, its successors and assigns, and all lenders owning
11 participating interests. . . [w]hether or not this Guaranty is separately or formally assigned."
12 Complaint, ex. 3. In the Complaint, plaintiff specifically alleges that it is the "successor in
13 interest" to FNB. Complaint ¶ 2. The individual defendants' purported liability arises out
14 of the Guaranty and plaintiff must have some interest in the Guaranty to enforce it.
15 Accordingly, we reject plaintiff's assertion that the arbitration clause is inapplicable because
16 it is not a party to the Guaranty.

17 Plaintiff next argues that interpreting the Guaranty to require arbitration is inconsistent
18 with the Loan and Note, which do not contain an arbitration clause, and with Section 5.5 of
19 the Guaranty. That section states that each party "expressly acknowledges and agrees that
20 any judicial action or arbitration to enforce any right of Lender under this Guaranty may be
21 brought and maintained in the venue(s) described in paragraph 16 of the Note." Complaint,
22 ex. E at ¶ 5.5 (emphasis added). Paragraph 16 of the Note lists "any state or federal district
23 court in Arizona." Id., ex. B at ¶ 16. The arbitration clause is not inconsistent with these
24 other provisions, as plaintiff argues, because they specifically refer to and contemplate the
25 possibility of arbitration.

26 Although not raised by the individual defendants, we note that even if plaintiff was
27 not a party to the Guaranty, it may be equitably estopped from avoiding arbitration if it is
28 claiming or has received direct benefits from the contract. Mundi, 555 F.3d at 1045-46; see

1 also Schoneberger v. Oelze, 208 Ariz. 591, 96 P.3d 1078, 1081 (2005), overruled on other grounds; World Group Secs. Inc. v. Allen, No. CV 07-1657-PHX-JAT, 2007 WL 4168572, * 3 (D. Ariz. Nov. 20, 2007). Here, plaintiff seeks a deficiency judgment against the individual defendants for the defaulted loan. The individual defendants' liability arises directly from the Guaranty, which contains the arbitration clause. Given this, and the presumption in favor of arbitration, we find that plaintiff is equitably estopped from avoiding arbitration if it seeks to hold the individual defendants joint and severally liable.

Having found the arbitration clause applicable to plaintiff and this dispute, we turn to plaintiff's alternative argument that the individual defendants have not properly demanded arbitration. The arbitration clause states that arbitration will occur on demand of any party. Plaintiff argues that the individual defendants did not demand arbitration and should have filed a motion to compel arbitration and stay the action. The individual defendants argue that plaintiff has the burden to demand arbitration since it seeks a deficiency judgment. Furthermore, because there are no other issues between plaintiff and the individual defendants, dismissal is proper.

Under Arizona law, if the court has referred a matter to arbitration, the remaining matters would be stayed. A.R.S. § 12-1502(D). Here, however, there is nothing to stay because there are no other claims against the individual defendants. We have inherent discretion to dismiss rather than grant a stay. Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (district court did not err in dismissing claims that were subject to arbitration) see also World Group Sec., 2007 WL 4168572 at * 5 (dismissing action because of an arbitration clause).

Accordingly, it is **ORDERED GRANTING** the individual defendants' motions to dismiss without prejudice (docs. 14 and 15). The individual defendants are hereby dismissed from this action. The claims against defendant Artesa Holdings, LLC remain.

DATED this 7th day of July, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -