**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Deposit Insurance Corporation, receiver for First National Bank of Nevada,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Artesa Holdings LLC,<br><br>　　　　　Defendant. | CV 11-00499-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's application for determination of fair market value and request for status conference (doc. 45). Plaintiff did not respond, and the time for responding has expired. We also have before us defendant's second request for status and scheduling conference (doc. 50), which is not fully briefed.

Defendant purchased a piece of property in Maricopa County, Arizona in 2005. In November 2006, the First National Bank of Nevada loaned defendant $12,000,000 to develop lots on the property.[1] Plaintiff sent a written notice of default on May 28, 2009, but alleges that defendant has failure to cure the default. Plaintiff foreclosed on the property pursuant to the deed of trust on December 21, 2010. According to plaintiff, the total amount due on

---

[1] The First National Bank of Arizona and the First National Bank of Nevada merged in June 2008. This bank was closed in July 2008. The Federal Deposit Insurance Corporation ("FDIC") brings this action in its capacity as Receiver.

the loan at the time of the foreclosure sale was $16,750,830.00. Plaintiff submitted the winning bid of $3,949,013.00.

Plaintiff filed this action on March 15, 2011 seeking repayment of the outstanding loan deficiency, which it calculates to be $12,810,707.00 plus interest. Plaintiff asserted five counts of contract deficiency against defendant and the guarantors on the loan. On July 7, 2011, we granted the guarantors' motion to dismiss (doc. 24). This left as the sole claim one count of contract deficiency against defendant. We issued our Rule 16 scheduling order on August 4, 2011 (doc. 31). The order set the dispositive motion deadline as March 2, 2012 and a bench trial date of August 21, 2012.

Defendant filed its application for determination of fair market value and request for a status/scheduling conference on November 30, 2011. Plaintiff did not respond. Defendant filed a second request for a status and scheduling conference on December 29, 2011. Defendant, believing that the scheduling of a fair market value hearing gives rise to the need to revise the current trial schedule, requests that we set a status and scheduling conference. In its second request for a conference, defendant indicates that current deadlines must be adjusted to allow the parties to prepare for a fair market value hearing, and that plaintiff's production of discovery at the end of December, 2011 has made the current Rule 16 deadlines untenable.

Under Arizona law, in an action for a deficiency judgment, a defendant is statutorily entitled to a hearing before the court. A.R.S. § 3-814(A). The purpose of the hearing is to determine the fair market value of the property as of the sale date. After fair market value is determined, the court issues an order "crediting the amount due on the judgment with the greater of the sales price or the fair market value of the real property." Id. However, in actions brought by the FDIC, federal law - not state law - applies. See 12 U.S.C. § 1819(b)(2)(A); United States v. Crain, 589 F.2d 996, 998 (9th Cir. 1979).[2] Although we may

---

[2] Actions "in which only the interpretation of" state law is needed are not deemed to arise under the laws of the United States. 12 U.S.C. § 1819(b)(2)(D)(iii). Here, plaintiff's

- 2 -

1  adopt state law when developing federal common law, we are not required to do so. <u>See</u>
2  <u>United States v. Ellis</u>, 714 F.2d 953, 955 (9th Cir. 1983); <u>Crain</u>, 589 F.2d at 999.

3  Here, plaintiff does not contest defendant's request for a fair market value hearing.
4  <u>See</u> LRCiv 7.2(i) ("if the unrepresented party. . . does not serve and file the required
5  answering memoranda. . . such non-compliance may be deemed a consent to the denial or
6  granting of the motion"). In any case, plaintiff's request for a fair market value hearing need
7  not affect the Rule 16 scheduling order. Unless and until plaintiff establishes that defendant
8  is liable on the underlying contract in this action, holding a fair market hearing is premature -
9  even under Arizona law. <u>See</u> A.R.S. § 33-814(A) (action for deficiency judgment lies
10  against "any person directly, indirectly or contingently liable on the contract"). At this point
11  in the litigation, discovery does not close until February 3, 2012. Dispositive motions are not
12  due until March 2, 2012. If plaintiff establishes via summary judgment practice that it is
13  entitled to a deficiency judgment as a matter of law, then a hearing could be set to determine
14  the fair market value of the property (if it is relevant under federal common law to determine
15  the appropriate amount of the deficiency judgment). If an issue of material fact remains as
16  to whether plaintiff is entitled to a deficiency judgment, then we may be able to address both
17  the issue of liability and fair market value at the bench trial set for August, 2012. And if
18  defendant establishes that it is not liable on the contract, then a fair market value hearing is,
19  of course, completely unnecessary. There is no need at this juncture in the litigation to
20  schedule a fair market value hearing.

21  Similarly, a scheduling conference is unnecessary. Indeed, the scheduling conference
22  for this action was already held in August, 2011 and established firm dates for the close of
23  discovery, dispositive motions, and trial. Scheduling orders "may be modified only for good
24  cause." Fed. R. Civ. P. 16(b)(4). Our order states that no extensions to these deadlines will
25  be granted due to case processing problems or discovery disputes. <u>Order</u> at 1. Defendant's

---

complaint (doc. 1) alleges that jurisdiction is proper under 12 U.S.C. § 1819(b)(2). Plaintiff's claims in the proposed case management plan, however, state that Arizona law should apply to this action (doc. 28 at 2).

1 second request for a scheduling hearing states that recent discovery production issues have
2 made the trial date untenable. We do not need to hold a hearing to determine that defendant's
3 proffered reasons for revising the litigation schedule do not constitute good cause.

4     **IT IS ORDERED DENYING** defendant's application for determination of fair
5 market value and request for status/scheduling conference (doc. 45).  The determination of
6 whether a fair market value hearing should be scheduled will occur after summary judgment
7 practice.

8     **IT IS ORDERED DENYING** defendant's second request for status and scheduling
9 conference (doc. 50).

10     DATED this 6th day of January, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge